United States District Court
Southern District of Texas

**ENTERED**

March 22, 2016

David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| DEANTHONY ANTOINE BERNARD, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-0288 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| *Respondent*. | § | |

**ORDER OF DISMISSAL**

Petitioner files this section 2254 habeas petition challenging his three 2007 convictions and 30-year sentence for aggravated robbery. Having reviewed the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, along with matters of public court record, the Court concludes that this case must be dismissed as barred by limitations.

This petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

(d)(l)   A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

      (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(l)–(2).

Petitioner states that he pleaded guilty to three counts of aggravated robbery in Harris County, Texas, on December 14, 2007, and was sentenced to thirty years' imprisonment. Public state court records show that he took no legal action to challenge the convictions until August 19, 2013, when he filed an application for state habeas relief with the trial court. Petitioner reports, and state court records show, that the Texas Court of Criminal Appeals denied the application on February 25, 2015. Petitioner filed the instant federal habeas petition no earlier than January 31, 2016, raising claims for an involuntary guilty plea and ineffective assistance of counsel.

Because the petition showed on its face that it is barred by the one-year statute of limitations, the Court ordered petitioner to show cause why the petition should not be

dismissed as untimely.  In his response, petitioner argues that it took him nearly six years –

from 2007 to 2013 – to acquire copies of the trial record and a copy of his trial counsel's file.

Petitioner presents no evidence that he was unable to obtain these items prior to 2013, and

his response has not been made under penalty of perjury.  Nor does he show that obtaining

a copy of his trial attorney's file or his guilty plea record was essential to his bringing and

prosecuting his state habeas proceeding and that unconstitutional state action precluded his

timely filing.

Moreover, petitioner's habeas claims in this case arise from his assertion that a BB

gun does not constitute a deadly weapon under state law.  Petitioner's pleadings show that

he was aware, prior to pleading guilty, that he was charged with exhibiting a deadly weapon,

and had told counsel the weapon he exhibited was a BB gun.  He was also aware, prior to

pleading guilty, that counsel advised him that the BB gun would constitute a deadly weapon

under state law, given that it was manufactured to resemble a black semiautomatic Smith and

Wesson firearm.  As a result, petitioner was aware of the factual predicate of his claims as

of the time he pleaded guilty in 2007.  Petitioner fails to show that he was not, and could not

have been, aware of the factual predicate for his claims until a later date that would render

his petition timely filed.

Petitioner further fails to show that he is entitled to equitable tolling.  To obtain the

benefit of equitable tolling, a petitioner must establish that he pursued habeas relief with

reasonable diligence, and that extraordinary circumstances stood in his way and prevented

timely filing.  *Palacios v. Stephens*, 723 F.3d 600, 604–05 (5th Cir. 2013).  Petitioner meets

none of these requirements, and the instant habeas petition must be dismissed as untimely.

Petitioner's habeas petition is DISMISSED WITH PREJUDICE as barred by

limitations.  A certificate of appealability is DENIED.  Any and all pending motions are

DENIED AS MOOT.

Signed at Houston, Texas on March 22, 2016.

_____

Gray H. Miller
United States District Judge